HEMAN H. FARR, BY HIS NEXT FRIEND WM. P. BRIGGS v. JOHN R. SUMNER.

When an infant purchases and takes possession of property, and, at a subsequent time, under an agreement with the vendee, delivers other property in satisfaction of the debt created by such purchase, and does no act either to disaffirm the original contract or the agreement under which he delivered the latter property to the vendee, he cannot treat such agreement and delivery as void and maintain an action of trover to recover the property so delivered.

TROVER, for one bay mare, one sorrel mare, one double wagon and one double harness.

Plea, not guilty, with notice of special matter in justification. Issue to the country.

Upon the trial in the county court, the plaintiff, to support the issue on his part, offered evidence tending to prove that in the spring of 1836, the defendant sold the plaintiff one span of horses and a double harness, and was to take his pay for the same, one half that year and the other half the next year, in drawing lumber from Huntington to Vergennes; that a portion of the lumber was drawn in the summer of 1836; that about the first of September, 1836, he exchanged one of the horses which he had of the defendant with one Gorton, and the defendant received the horse so had of Gorton, and applied the same on the contract with defendant for the horses at $75. The defendant, to support the issue on his part, introduced testimony tending to prove that the sale of the property by him to the plaintiff was conditional; that the property was not to be the plaintiff's until it was paid for, and that it had not been paid for.

CHITTENDEN,
January,
1840.

Farr
v.
Sumner.

It was admitted that the bay mare and harness in question were the same that the plaintiff originally had of the defendant.

The defendant offered further testimony, tending to prove, that, in the month of October, 1836, the plaintiff left Huntington and went south with said bay mare, and a sorrel mare; that the defendant, claiming the bay mare, pursued the plaintiff to Pittsford, overtook him and brought him back to Salisbury; that, at the latter place, the plaintiff, by an agreement, with the defendant delivered the bay mare to the defendant to cancel the original debt which the plaintiff owed to the defendant for said horses and harness.

The plaintiff introduced further testimony, tending to prove, that, at the time of making said agreement and delivery of said bay mare to the defendant, the plaintiff was an infant, under the age of twenty one years.

The county court, among other things, instructed the jury, that, if they should find that the sale of the property was absolute and not conditional, and that the defendant had converted the bay mare to his own use, previous to the commencement of this suit, the plaintiff was entitled to recover the value of her, notwithstanding they should find that the plaintiff, subsequent to the sale, and prior to the defendant's taking possession of her, agreed with defendant to deliver her up in satisfaction of the original debt, provided they should also find that the plaintiff, at the time of the making of such agreement and delivering up of said mare, was a minor, under the age of twenty one years, and had offered to the defendant to restore him to, and place him in, the same situation he was in at the time the agreement was made to give her up. The jury returned a verdict for the plaintiff and the defendant excepted.

*Maeck & Smalley* for defendant.

The court below erred in their instructions to the jury. The jury ought to have been instructed, that, if they found the plaintiff voluntarily delivered the mare to the defendant in satisfaction of the original contract, or if they found that the parties mutually agreed to rescind the original contract and did rescind it, and the plaintiff delivered the mare to the defendant by reason thereof, then the plaintiff could not recover.

An infant is bound by some of his acts as well as an adult. If he deliver property with his own hand he cannot sue in trespass or trover for it. In *Manby* v. *Scott*, 1 Modern Rep. 137, the court held, that, "if an infant gives or sells goods "and with his own hands delivers them, he shall have no "action of trespass against the vendee by reason of the de- "livery. 21 Hen. 7, 39, 26 Hen. 8, 2." The reporter refers to Holt 77. 2 Roll. Rep. 408. Latch's Rep. 10, as sustaining the position.

If that position be correct, then it is clear that this action cannot be maintained, as the case shows that the plaintiff voluntarily delivered the mare to the defendant at Salisbury. But the court charged that even if he did so, it did not amount to a defence, provided the plaintiff was a minor. Lord Bacon, in his abridgment, vol. 3, p. 139, says "if an "infant deliver a horse or a sum of money with his own "hands, this is only voidable and to be recovered back in an "action of account." So in *Holmes* v. *Blogg*, 4 C. L. R. 189, it was held, after much argument and great delibera- tion, "that if an infant pay money with his own "hand, without a valuable consideration, he cannot "recover it back again;" and, when an infant had, during his infancy, paid a large sum as a premium for a lease, though the court permitted him to avoid the lease on his coming of age, yet they refused to permit him to recover back the premium. See the opinion of Gibbs, Ch. J. and the authorities there cited.

*Wm. P. Briggs* for plaintiff.

If there has been any uniform and well settled rule of the common law for the last 300 years, it is this, that infants may, in all cases, avoid their contracts, except such as are for ne- cessaries. 2 Dane's Dig. 18, and the authorities there cited. 2 Kent. 234.

And if there are exceptions to this general rule in the English books, they tend to confirm it, as they are only such contracts as, in the judgment of law, are for the infant's benefit.

The inference, from the case, is, (although it is not fully stated) that this defendant had received all the drawing of the lumber which was to be done in 1836, and which must be supposed to be one half the purchase price, and had re-

ceived a horse at $75, toward the same. Yet, because the young man went away in the month of October of the same year, the defendant followed him to Pittsford, *overtook* and brought him back to Salisbury, and then he voluntarily delivered up the horse in question to the defendant.

Will it be contended that this was for the benefit of this minor and therefore binding upon him? The inference, from the case, is, that nearly the whole of the purchase price had been paid in drawing lumber and in the $75 horse. Under these circumstances, to surrender the one half of the property originally purchased, could not be for the benefit of the plaintiff.

The jury must have found, under the charge of the court, that the rescinding of the contract by the plaintiff placed the defendant in as good a condition as he was before he got possession of the horse in question.

The opinion of the court was delivered by

WILLIAMS, CH. J.—It appears that the plaintiff, while a minor, purchased a span of horses and harness of the defendant and paid therefor, in part, in lumbering & another horse, and in payment of the balance voluntarily delivered to the defendant the horse which is the subject in controversy in this suit. No act has ever been done by the plaintiff to avoid or disaffirm the contract for the purchase of the span of horses and harness, but, on the contrary, he has had the whole benefit of that contract. The plaintiff assumes that the agreement made at Salisbury was in the nature of a contract of sale, and that he was at liberty to treat it as void and maintain this action of trover to recover the horse delivered in pursuance thereof. The contract of an infant, except in certain cases, is not void, but voidable only, and, in general, he cannot, while an infant, unless in case of evident necessity, disaffirm a contract made by him; as the same want of discretion, which prevents him from making a binding contract, would prevent him from avoiding one which might be beneficial to him. He is as incapable in the latter, as in the former case, of judging what is for his benefit.

Whether, when he arrives of full age, it is necessary that he should do any act to avoid or affirm a contract made while under age, to render it nugatory or binding, is a ques-

tion on which there are contradictory authorities. Undoubtedly, in some cases, it is necessary that a person should give notice of his disaffirmance, after he arrives at full age, or he will be held to a contract made during his minority. The case of *Goode & Benmon* v. *Harrison*, 5 B. & A. Rep. 147, was one of this description.

If an infant pay money or deliver property on a contract and enjoy the benefit of it, he cannot disaffirm the contract and recover the money paid, without restoring to the other party the consideration which he receives. This was the ground of the decision of *Holmes* v. *Blogg*, 8 Taunt. R. 508. The opinion of the court, as delivered in that case, evidently went much further than this, and took the ground, that, where an infant pays money with his own hand he cannot recover it back. This opinion was reviewed in the case of *Corp* v. *Overton*, 10 Bing. 252, and it was considered that the expressions made use of by the chief justice in *Holmes* v. *Blogg* were not warranted by the case. But when, as in the case now before us, an infant makes a contract, receives the benefit and consideration thereof, does no act to disaffirm or avoid it, and delivers property in payment and fulfilment thereof, there is no principle which will warrant a recovery by him, in an action of trover, for the value of the property thus delivered.

It does not appear that any evidence was given to show that the plaintiff offered to restore to the defendant the property which he received of him, or that he was in a situation so to do, although such a state of facts is alluded to in the charge of the court.

We think the court erred in their charge in relation to the effect of the infancy of the plaintiff, under the circumstances of the case, and the judgment must be reversed.